UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY COOMBS,

    Plaintiff,                             Case No. 12-CV-12496

vs.                                        HON. MARK A. GOLDSMITH

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**ORDER
(1) ADOPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION (DKT. 12) DATED APRIL 18, 2013, (2)
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DKT. 7), (3)
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. 11), AND
(4) REMANDING THE CASE**

       This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge Mark A. Randon, issued on April 18, 2013. (Dkt. 14.) In the R&R, the Magistrate Judge recommends that Plaintiff's motion for summary judgment (Dkt. 7) be granted, Defendant's motion for summary judgment (Dkt. 11) be denied, and the case remanded for the Administrative Law Judge (ALJ) to (i) determine whether Plaintiff's back disorder is equal in severity and duration to listing 1.04B in 20 C.F.R Part 404, Subpart P, Appendix 1, and (ii) determine whether the opinion of Dr. Ruth Ann Buck, Plaintiff's treating physician, regarding Plaintiff's functional limitations is entitled to controlling weight, and if not, to explain the reasons for the weight assigned to Dr. Buck's opinions using the factors outlined in 20 C.F.R. §§ 404.1527 (c)(2)(i)-(ii) and (c)(3)-(c)(6).

       The parties have not filed objections to the R&R, and the time to do so has expired. See

Fed. R. Civ. P. 72(b)(2).  The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review.  See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-4  (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 1078 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard.").  There is some authority that a district court is required to review the R&R for clear error, see Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").  Therefore, the Court has reviewed the R&R for clear error.  On the face of the record, the Court finds no clear error and adopts the recommendation.

Accordingly, the Court grants Plaintiff's motion for summary judgment (Dkt. 7), denies Defendant's motion for summary judgment (Dkt. 11), and remands the matter pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this order.

SO ORDERED.


Dated:  May 8, 2013                                         s/Mark A. Goldsmith
            Flint, Michigan                                         MARK A. GOLDSMITH
                                                                          United States District Judge

2

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 8, 2013.

                                                  s/Deborah J. Goltz
                                                  DEBORAH J. GOLTZ
                                                  Case Manager